MEMORANDUM **
Petitioner David SainL-Fort seeks review of an order of the Board of Immigration Appeals (BIA) denying withholding of removal under the Immigration and Nationality Act (INA), 8 U.S.C. § 1281(b)(3), and relief from removal under the Convention Against Torture (CAT). Petitioner contends that upon return to his native Haiti, he will be persecuted by the men who killed his uncle, and subjected to torture in Haitian prisons because of his status as a criminal deportee.
With regard to withholding of removal under the INA, substantial evidence supports the BIA’s finding that Petitioner failed to establish a likelihood of persecution in Haiti on one of the specified statutory grounds. See Al-Harbi v. INS, 242 F.3d 882, 888 (9th Cir.2001). The scant evidence does not compel the conclusion that the men who attacked his uncle are likely to persecute Petitioner in the future because of his own political opinion or one imputed to him. See Sangha v. INS, 103 F.3d 1482, 1488-90 (9th Cir.1997) (rejecting the imputed political opinion argument, despite a politically motivated attack on petitioner’s father, because there was no evidence that the attackers would attribute the father’s political beliefs to petitioner).
With respect to CAT relief, however, the BIA erred when it failed to consider whether Petitioner’s lack of family in Haiti sufficiently distinguishes his situation from that of the petitioner in In re J-E-, 23 I. & N. Dec. 291 (BIA 2002) (en bane). A general risk of indefinite detention by Haitian authorities does not by itself merit CAT protection. See Theagene v. Gonzales, 411 F.3d 1107, 1113 (9th Cir.2005); In re J-E-, 23 I. & N. Dec. at 299-304; see also Villegas v. Mukasey, 523 F.3d 984, 988 (9th Cir.2008) (adopting standard of In re J-E- and noting deference to agency interpretation of torture). Petitioner was required to show beyond this general risk how his particular circumstances indicated a likelihood of torture. Id. For example, the BIA has held that mentally ill criminal deportees face a likelihood of torture in Haitian prisons because of their mental illness. See, e.g., In re M-D-, No. A— 40-136-479 (BIA Oct. 6, 2005); In re J-F-, No. A-23-606-566 (BIA Jun. 2, 2005); In re— , 26 Immig. Rptr. B1-161 (BIA Mar. 18, 2003). In each of those cases, the BIA held that evidence of mental illness sufficiently distinguished the petitioner’s circumstances from those in In re J-E-. Moreover, the BIA has upheld a grant of CAT relief where the petitioner demonstrated a likelihood of torture in Haitian prisons because of his lack of relatives in Haiti, distinguishing In re J-E-. In re R-D-, No. A42-146-817 (BIA Nov. 16, 2005) (“Not all Haitian prisoners experience severe harm, but those without family in Haiti, who remain detained for long periods, have meaningfully increased chances of such suffering. As noted by the Immigration Judge, the [petitioner’s] claim of *366 lack of family in Haiti bolsters his [CAT claim].”).
Here, Petitioner testified before the IJ that he had no family in Haiti and that, if returned, he would face indefinite imprisonment as a consequence. He also supplied various documents, including a 2004 United States Country Report on Haiti, indicating that criminal detainees without relatives in Haiti face even more severe conditions than they would otherwise. The BIA, however, applied In re J-E- and summarily dismissed the CAT appeal. It was error not to consider whether Petitioner’s additional evidence made it more likely than not that he would be tortured, in light of the above cited BIA decisions and the evidence that Haitian officials intentionally subject detainees without family in Haiti to extremely oppressive prison conditions. See In re R-D-.
For these reasons, we DENY the petition for review with respect to Petitioner’s withholding of removal claim, GRANT the petition for review with respect to his application for relief under the Convention Against Torture, and remand to the BIA for proceedings consistent with this Memorandum.
PETITION FOR REVIEW DENIED IN PART, GRANTED IN PART; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.